**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: Guardianship of A.C.

No. 15-0659 (Mineral County 12-FIG-1)


# MEMORANDUM DECISION

Petitioner Father D.C., by counsel Agnieszka Collins, appeals the Circuit Court of Mineral County's June 4, 2015, order denying his appeal from a family court order granting legal guardianship of his child, A.C., to the child's maternal grandparents.[1] Pro se respondents R.W. and C.W., the child's maternal grandparents, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the family court erred in granting respondents legal guardianship of the child because he was not properly served and had no notice of the proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The minor child at issue, A.C., was born in November of 2011. In January of 2012, the child's maternal grandparents began caring for the child, and the child's mother, then seventeen years old, moved back into the maternal grandparents' home. Around this time, petitioner signed an agreement to grant the maternal grandparents guardianship of the child. Also around this time, the maternal grandparents filed a guardianship petition in the family court. By order entered on February 15, 2012, the family court granted the maternal grandparents legal guardianship of the child. More than three years after entry of the family court's order, petitioner appealed the same to the circuit court in May of 2015. The circuit court, however, denied the appeal as untimely by order enter on June 4, 2015. It is from this order that petitioner appeals.

We have previously held that

> [i]n reviewing a final order entered by a circuit court judge upon a review
> of, or upon a refusal to review, a final order of a family court judge, we review the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). On appeal to this Court, petitioner alleges error solely on the part of the family court. Specifically, he argues that the family court erred in granting respondents legal guardianship of the child because he was not properly served and had no notice of the proceedings. However, we note that we are unable to review the family court's final order because of petitioner's failure to timely appeal the same.

Pursuant to Rule 28(a) of the Rules of Practice and Procedure for Family Court, "[a] party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office." In this matter, the circuit court specifically found that "[t]he appeal was not filed until May 29, 2015, more than three years past the deadline." Moreover, the circuit court noted that, contrary to petitioner's argument that he had no notice of the proceedings in family court, the "[o]rder [on appeal] shows that [petitioner] was present at that hearing and that he signed the order." Because petitioner clearly failed to appeal the family court's order within the applicable time frame, the Court finds no error in the circuit court denying the appeal.

For the foregoing reasons, the circuit court's June 4, 2015, order denying petitioner's appeal from family court is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II